UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

        Plaintiff,

Civil No. 11-20551-25
Honorable Robert H. Cleland

vs.

**D-25 KRINA PATEL,**

        Defendant.

_____/

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, a Second Superseding Indictment ("Indictment") was filed on or about March 20, 2013, which charged Defendant KRINA PATEL ("Defendant") in Count One, with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 846, 841(a)(1); and in Count Two with Health Care Fraud Conspiracy in violation of 18 U.S.C. §§ 1347, 1349.

WHEREAS, the Indictment also sought criminal forfeiture pursuant to Federal Rule of Criminal Procedure 32.2 of (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations; and (b) any property used, or intended to be used in any manner or part, to commit

1

or to facilitate the commission of the violations charged in the Indictment.

WHEREAS, on March 22, 2013, the United States filed a Forfeiture Bill of Particulars providing notice of the government's intention to forfeit, among other things:

    a. Seventy Six Thousand Two Hundred Twenty-Seven Dollars and Fifty-Two Cents ($76,227.52) in U.S. Currency from Fifth Third Bank Account #7912745366;

    b. Fifty Three Thousand Six Hundred Seventy Two Dollars and Forty-Five Cents ($53,672.45) in U.S. Currency from Key Bank Account #226811002386;

    c. Eighty Six Thousand Dollars ($86,000) in U.S. Currency from Fifth Third Bank Safe Deposit Box #183;

(hereafter, "Subject Currency").

WHEREAS, on October 8, 2013, Defendant KRINA PATEL entered into a Rule 11 Plea Agreement ("Rule 11") pursuant to which she pleaded guilty to Count One of the Indictment, and agreed to the forfeiture of the Subject Currency.

WHEREAS, Defendant also agrees that Defendant shall assist the United States in all proceedings, whether administrative or judicial, involving the

forfeiture, disgorgement, transfer, or surrender of all rights, title, and interest, regardless of their nature or form, in the assets which Defendant has agreed to forfeit, disgorge, transfer, or surrender, and any other assets, including real and personal property, cash, and other monetary instruments, wherever located, which Defendant or others to her knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on Defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture, disgorgement, transfer, or surrender.

WHEREAS, Defendant further agrees to identify all assets over which she exercises control, directly or indirectly, or has exercised such control, within the past five years. She also agrees to identify all assets in which she has or had during that time any financial interest and to provide all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds, and any and all other documents necessary to deliver good and marketable title to said property. Defendant agrees to take all steps as requested by the government to obtain from any other parties by any lawful means any records of assets owned at any time by Defendant. She also agrees to undergo any polygraph examination the government may choose to administer concerning such assets and

to provide and/or consent to the release of his tax returns for the previous five years.

WHEREAS, Defendant further agreed to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agreed to consent to the entry of orders of forfeiture for all property to be forfeited and waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledged that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise her of this, pursuant to Rule 11(b)(l)(J), at the time her guilty plea is accepted.

WHEREAS, Defendant further agreed to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with her Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agreed to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, including taking

whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant further agreed that she will not assist any third party in asserting a claim to the forfeited assets in any judicial forfeiture proceeding and that she will testify truthfully in any such proceeding.

WHEREAS, Defendant agreed that the forfeiture provisions of his Plea Agreement are intended to, and will, survive her, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

WHEREAS, pursuant to Fed.R.Cr.P. 32.2(b)(2), a preliminary order of forfeiture must be entered, and pursuant to Fed.R.Cr.P. 32.2(b)(4)B), forfeiture must be included in the Judgment and Commitment Order.

WHEREAS, Defendant KRINA PATEL is scheduled to be sentenced on November 17, 2015, making it appropriate for the Court to enter a preliminary order of forfeiture with regard to the subject property.

NOW, THEREFORE, based upon the Indictment, the Forfeiture Bill of Particulars, the Rule 11 Plea Agreement, and the information in the record;

IT IS HEREBY ORDERED that any and all interest of Defendant KRINA PATEL in the following property IS HEREBY FORFEITED to the United States for disposition in accordance with law, and any right, title or interest of Defendant KRINA PATEL, and any right, title or interest that her heirs, successors or assigns, have or may have in said property IS HEREBY AND FOREVER EXTINGUISHED:

    a. Seventy Six Thousand Two Hundred Twenty-Seven Dollars and Fifty-Two Cents ($76,227.52) in U.S. Currency from Fifth Third Bank Account #7912745366;

    b. Fifty Three Thousand Six Hundred Seventy Two Dollars and Forty-Five Cents ($53,672.45) in U.S. Currency from Key Bank Account #226811002386;

    c. Eighty Six Thousand Dollars ($86,000) in U.S. Currency from Fifth Third Bank Safe Deposit Box #183.

IT IS FURTHER ORDERED that pursuant to 21 U.S.C. § 853(n), Fed. R.

Crim. P 32.2(b)(6) and Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish notice of this Preliminary Order of Forfeiture utilizing the internet site, www.forfeiture.gov, for at least thirty consecutive days. The government shall also send notice to any person who appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. The notice shall direct that any person asserting a legal interest in the subject property, other than Defendant KRINA PATEL, may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the subject property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the subject property, any additional facts supporting the petitioner's claim, and the relief sought.

IT IS FURTHER ORDERED that following the Court's disposition of any petitions for ancillary hearing, and upon proof of publication and notice to any persons known to have alleged an interest in the real property, the United States shall have clear title to the property and shall be authorized through the United States Marshals Services to dispose of the forfeited assets as prescribed by law.

IT IS FURTHER ORDERED that pursuant to Fed. R. Crim. P. 32.2(c)(2) this Preliminary Order of Forfeiture shall become final as to the Defendant upon entry and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture as provided under Fed. R. Crim. P. 32.2(c)(2).

IT IS FURTHER ORDERED that the Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e)(2)(A).

Dated: NOV 2 0 2015

HONORABLE ROBERT H. CLELAND
United States District Judge